WILLIAM H. PARSONS and GEORGE F. HICKS, Respondents, *v.* DANIEL J. SPRAGUE, Appellant, Impleaded with JOHN G. TAPPAN and Others.

*Attachment — a motion to vacate it may be made after the entry of judgment — Code of Civil Procedure, secs. 682 and 683.*

Under sections 682 and 683 of the Code of Civil Procedure a motion to vacate an attachment may be made after a judgment has been entered in the action and an execution has been issued thereon, provided the attached property or the proceeds thereof has not been actually applied to the payment of the judgment.

Appeal from an order made at a Special Term denying a motion to vacate an attachment.

*W. Z. Larned,* for the appellant.

*Gilbert R. Hawes,* for the respondents.

Brady, J.:

Daniel J. Sprague, the appellant and one of the defendants, applied at the Special Term for an order vacating the attachment issued herein. The application was not made, however, until after final judgment and an execution had been issued thereupon. For that reason the learned justice who presided at the time the motion was made denied it. He said: " The motion to vacate the attachment in this case is denied, for the reason that it appears that judgment has been entered and execution has been issued." No other question, therefore, was considered by him, and the merits of the application were not passed on.

The views of the learned justice would seem to be erroneous. By section 682 of the Code of Civil Procedure, it is provided that the defendant, or a person who has acquired a lien upon or interest in his property after it was attached, may at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, apply to vacate or modify the warrant or to increase the security given by the plaintiff, or for one or more of those forms of relief, together or in the alternative, and section 683 provides for the manner in which the application may be made, namely, upon the papers on

which the warrant was granted, or upon proof, by affidavit, on the part of the defendant. It appears, therefore, clearly that the legislature intended to give the defendant an opportunity of moving to vacate the attachment notwithstanding an execution has been issued, unless there had been an actual application of the attached property which would necessarily involve its sale. This view is sustained by reference to section 687 which provides that the defendant may at any time after he has appeared in the action and before final judgment, apply to the judge who granted the warrant, or to the court, for an order to discharge the attachment as to the whole or a part of the property attached. But by section 668 upon such application the defendant must give an undertaking. There are, therefore, two remedies provided for the defendant for relief from the presence of an attachment, one of them being by motion, which may be made at any time before the actual application of the attached property, or the proceeds of it to the payment of the judgment, and the other by application before final judgment, which must rest upon an undertaking, as we have already seen.

The right of the defendant to move after final judgment and an execution issued seems to be an anomaly, and would not be sustained except upon imperative necessity demanded by the absolute construction of the provisions of the Code, for the reason that upon the issuing of the execution and the levy of the attached property under it, the attachment itself for all purposes ceased to exist. Its office had been performed and the property was in *custodia legis* under another process, which was altogether distinct from the attachment itself and founded upon an entirely different result. But there seems to be no doubt about the intention of the legislature to extend the remedy down to the period named, because of the use of the words "before the actual application of the attached property or the proceeds thereof to the payment of the judgment recovered in the action." What the particular object of this was cannot be well divined. It may have had some connection with the right of the defendant to appeal and to have his property surrendered to him during the pendency of his appeal. If that were the object it was a good one doubtless. But we are not called upon to furnish reasons why an act of the legislature was passed. It is our duty to declare what is accomplished by it and nothing more.

For these reasons the order below must be reversed, with ten dollars costs and disbursements of this appeal, and the motion directed to be heard upon its merits.